**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| LAITH KH ASPER, | Case No.: 18cv0049-MMA (JLB) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| WELLS FARGO BANK, a National Association, | [Doc. No. 11] |
| Defendant. | |

Plaintiff Laith KH Asper ("Plaintiff") filed this action against Defendant Wells Fargo Bank, N.A. ("Defendant") on January 5, 2018, alleging four causes of action in connection with real property located at 1247 Jamacha Road, El Cajon, California, 92019, for: (1) fraud; (2) violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.*; (3) violations of the California Homeowner Bill of Rights ("HBOR"); and (4) violations of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200, *et seq. See* Complaint. On February 1, 2018, Defendant filed a motion to dismiss Plaintiff's Complaint. *See* Doc. No. 6. On February 14, 2018, Plaintiff filed an *ex parte* motion for a temporary restraining order ("TRO") seeking to prohibit Defendant from "engaging in or performing any act to deprive Plaintiff of his interest and possession

of the subject property including the 'trustee sale' planned for February 22, 2018[.]" Doc. No. 11. Defendant filed an opposition to Plaintiff's *ex parte* motion on February 15, 2018. Doc. No. 12. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for a TRO.

## **LEGAL STANDARD**

A temporary restraining order ("TRO") may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). However, a TRO is an "extraordinary remedy" and is "never granted as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Although a plaintiff must satisfy all four of the requirements set forth in *Winter*, this Circuit employs a sliding scale whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Accordingly, if the moving party can demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Id.*

/ / /

/ / /

# DISCUSSION

Based on a thorough reading of Plaintiff's motion, the Court finds that Plaintiff has not shown a likelihood of success on the merits of his claims or raised serious questions going to the merits. As set forth above, Plaintiff's Complaint advances four causes of action for: (1) fraud; (2) violations of the FCBA; (3) violations of HBOR; and (4) violations of the UCL. *See* Complaint. Plaintiff's discussion regarding his likelihood of success on the merits, however, is brief and conclusory. For example, Plaintiff summarily asserts that he "will demonstrate at *future dates* that the assignment of the property by Defendant to pendent state parties are not valid." Doc. No. 11 at 6 (emphasis added). Such a statement, without more, is insufficient for purposes of showing a likelihood of success on the merits. *See Caldwell v. Wells Fargo Bank, N.A.*, 2012 WL 12892687, at *2 (C.D. Cal. Nov. 13, 2012) (denying the plaintiff's motion for a TRO where the plaintiff's discussion of her likelihood of success on the merits "consist[s] of little more than a bare contention that Plaintiff is likely to succeed on the merits.").

Moreover, aside from summarily concluding that "[f]or these reasons, Plaintiff will likely succeed on the FCBA claims," Plaintiff entirely fails to address his remaining three causes of action. Doc. No. 11 at 6; *see also Caldwell*, 2012 WL 12892687, at *2 (finding plaintiff had not met her burden of establishing a likelihood of success on the merits where she only specifically mentioned two out of her eleven causes of action). Additionally, Plaintiff also references the California Consumer Legal Remedy Act in his motion (Doc. No. 11 at 7), yet Plaintiff does not plead any such cause of action in his Complaint.

Finally, Plaintiff's *ex parte* motion does not comply with Civil Local Rule 83.3.g.2, which requires counsel to submit an affidavit or declaration explaining that the moving party informed the opposing party or counsel of the motion, attempted to inform the opposing party and counsel, or specified reasons why the moving party should not be required to inform the opposing party or counsel. *See* CivLR 83.3.g.2. As such, injunctive relief is inappropriate here.

## Conclusion

For the reasons set forth above, the Court finds that Plaintiff's pending motion for a TRO does not establish that he is entitled to injunctive relief. Accordingly, the Court **DENIES** Plaintiff's *ex parte* motion for a TRO.

**IT IS SO ORDERED.**

Dated: February 16, 2018

HON. MICHAEL M. ANELLO
United States District Judge