# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAITH KH ASPER, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, a National Association, <br><br> Defendant. | Case No.: 18cv0049-MMA (JLB) <br><br> **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** <br><br> [Doc. No. 6] |

Plaintiff Laith KH Asper ("Plaintiff") filed this action against Defendant Wells Fargo Bank, N.A. ("Defendant") on January 5, 2018, alleging four causes of action in connection with real property located at 1247 Jamacha Road, El Cajon, California, 92019, for: (1) fraud; (2) violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.*; (3) violations of the California Homeowner Bill of Rights ("HBOR"); and (4) violations of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200, *et seq. See* Complaint. Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 6. Plaintiff filed an opposition, to which Defendant replied. *See* Doc. Nos. 9, 14. The Court found the matter suitable for determination on the papers and without oral

argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 15.  For the reasons set forth below, the Court **GRANTS IN PART** Defendant's motion to dismiss.

## BACKGROUND[1]

Plaintiff Laith Asper is an individual residing at 1247 Jamacha Road, El Cajon, California.  Complaint ¶ 4.  Defendant is "a national banking association established under the laws of the United States of America."  *Id.* ¶ 5.

In November 2007, Plaintiff and his wife borrowed $570,000 from World Savings Bank, FSB (Wells Fargo's predecessor) pursuant to a promissory note that was secured by a Deed of Trust recorded against the real property located at 1247 Jamacha Road, El Cajon, California.  *See* Doc. No. 7 (hereinafter "RJN"), Exh. A.  Plaintiff defaulted on the loan, and the trustee under the Deed of Trust recorded a Notice of Default in April 2010. RJN, Exh. C.  In April 2011, the trustee recorded a Notice of Sale.  RJN, Exh. D. Plaintiff then filed for bankruptcy, which was dismissed a few weeks later.  RJN, Exh. E.

Shortly after the first bankruptcy was dismissed, the foreclosure sale was reset. Plaintiff filed for bankruptcy a second time, however, in January 2012.  RJN, Exh. F. The bankruptcy filing was dismissed without Plaintiff receiving a discharge.  *Id.*  The trustee recorded a new Notice of Sale in November 2015.  RJN, Exh. G.  The Notice of Sale indicated that Plaintiff owed $721,712.11, and that the sale would proceed on December 2, 2015 if Plaintiff did not pay the debt.  *Id.*  On December 2, 2015, Plaintiff filed for bankruptcy a third time.  RJN, Exh. H.  The bankruptcy filing was again dismissed a few weeks later.  *Id.*

The foreclosure sale was then reset.  Plaintiff filed for bankruptcy for the fourth time in February 2016, which was dismissed shortly after the filing of bankruptcy.  RJN, Exh. I.  Wells Fargo recorded a new Notice of Trustee's Sale in August 2017, and

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint.  *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

rescheduled the foreclosure sale for October 2, 2017. RJN, Exh. K.

On or around September 18, 2017, Defendant sent Plaintiff a billing statement that listed an unpaid principal balance of $499,000.38 on the mortgage loan with Wells Fargo. *See* Doc. No. 9-1. Plaintiff filed for bankruptcy for the fifth time on September 29, 2017. RJN, Exh. L. In his bankruptcy petition, Plaintiff alleged a credit billing statement error on the September 2017 billing statement he received from Defendant. *See* Complaint ¶ 8. After "'receiving notice from an obligor' regarding the correction of disputed billing errors, Wells Fargo in fact has adversely 'reported on the obligor's credit rating or credit standing because of the obligor's failure to pay' in violation of [the FCBA]." *Id.* (quoting 15 U.S.C. § 1666a(a)). The bankruptcy case was dismissed on January 4, 2018. RJN, Exh. L.

The following day, on January 5, 2018, Plaintiff commenced the instant action against Defendant alleging: (1) fraud; (2) violations of the FCBA; (3) violations of HBOR; and (4) violations of the UCL. *See* Complaint. On February 14, 2018, Plaintiff filed an *ex parte* motion for a temporary restraining order ("TRO") seeking to prohibit Defendant from "engaging in or performing any act to deprive Plaintiff of his interest and possession of the subject property including the 'trustee sale' planned for February 22, 2018[.]" Doc. No. 11. The Court denied Plaintiff's motion for a TRO because Plaintiff failed to show "a likelihood of success on the merits of his claims" and failed to "raise[] serious questions going to the merits [of such claims]." Doc. No. 13 at 3.[2]

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P.

---

[2] In opposition to the instant motion, Plaintiff requests the Court enjoin Defendant from violating the FCBA. *See* Doc. No. 9 at 10. Plaintiff's request is procedurally improper and moot in light of the Court's ruling on Plaintiff's *ex parte* motion for a TRO. *See* Doc. No. 13.

8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

**A.     Request for Judicial Notice & Incorporation by Reference**

As an initial matter, Defendant requests the Court take judicial notice of sixteen (16) documents in connection with its motion to dismiss (Exhibits A-L). *See* RJN.

Specifically, Defendant requests the Court take judicial notice of: (1) the Deed of Trust, dated November 5, 2007; (2) various documents relating to the history of World Savings Bank, FSB (Wells Fargo's predecessor); (3) Notice of Default and Election to Sell Under the Deed of Trust, dated April 9, 2010; (4) Notice of Trustee's Sale, dated April 27, 2011; (5) the docket for Chapter 13 Bankruptcy Case No. 11-19595-PB13, filed on December 1, 2011; (6) the docket for Chapter 13 Bankruptcy Case No. 12-00320-PB13, filed on January 12, 2012; (7) Notice of Trustee's Sale, dated November 2, 2015; (8) the docket for Chapter 13 Bankruptcy Case No. 15-07797-MM13, filed on December 2, 2015; (9) the docket for Chapter 13 Bankruptcy Case No. 16-00738-MM13, filed on February 16, 2016; (10) Judgment in a Civil Case filed on March 3, 2017; (11) Notice of Trustee's Sale, dated August 18, 2017; and (12) the docket for Chapter 13 Bankruptcy Case No. 17-05916-MM13, filed on September 29, 2017. *See id.* Plaintiff did not file an opposition to Defendant's request for judicial notice.

Generally, a district court's review on a 12(b)(6) motion to dismiss is "limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) *overruled on other grounds by Galbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, "a court may take judicial notice of matters of public record," *id.* at 689 (internal quotations omitted), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201.

Here, the Court finds that Exhibits A-L are all public records which are properly the subject of judicial notice. Specifically, Exhibits A, C, D, G, and K have been recorded in San Diego County Recorder's Office; thus, these exhibits are a matter of public record. *See* Fed. R. Evid. 201(b). Moreover, Exhibits E, F, H, I, and L are similarly a matter of public record, as "a paper filed in a case under [the Bankruptcy Code] and the dockets of a bankruptcy court are public records." *Reusser v. Wachovia*

*Bank, N.A.*, 525 F.3d 855, 857 n.1 (9th Cir. 2008) (quoting 11 U.S.C. § 107(a)); *see also Swartz*, 2015 WL 846789, at *3 (taking judicial notice of a voluntary petition filed in bankruptcy court). Lastly, Exhibits B and J are matters of public record, and not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** Defendant's request for judicial notice as to Exhibits A-L.

Moreover, Plaintiff attaches four (4) exhibits to her opposition to the instant motion (Exhibits 1-4), requesting that the Court incorporate by reference such documents into the Complaint because "the complaint specifically refers to these relevant documents[.]" Doc. No. 9 at 8. Specifically, Exhibit 1 is a copy of the billing statement Plaintiff received from Wells Fargo, dated September 18, 2018. *See* Doc. No. 9-1. Exhibits 2 and 3 are copies of Plaintiff's Experian and TransUnion Credit reports, respectively. *See* Doc. Nos. 9-2, 9-3. Exhibit 4 is a copy of a "Notice to Postponement of Trustee's Sale" regarding the subject property. *See* Doc. No. 9-4. Defendant did not file an opposition to Plaintiff's request to incorporate by reference Exhibits 1-4 into the Complaint.

"[E]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (internal citations omitted). "A court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint necessarily relies on the document and its authenticity is unquestioned." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds in *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).

Here, the Court notes that contrary to Plaintiff's assertion, the Complaint does not specifically reference any of the four exhibits described above. In construing Plaintiff's Complaint liberally, however, the Court finds that the four exhibits form the basis of Plaintiff's claims, and the authenticity of such documents is unquestioned. *See Ritchie*, 342 F.3d at 908. As such, the Court finds that Exhibits 1-4 are incorporated by reference

into Plaintiff's Complaint.

## B. Defendant's Motion to Dismiss

In its motion, Defendant argues that the Court should dismiss Plaintiff's Complaint because each of Plaintiff's causes of action are defectively pleaded, and Plaintiff's state law claims are preempted by federal law. *See* Doc. No. 6-1. The Court proceeds by first addressing Plaintiff's claim arising under the FCBA.

### 1. Fair Credit Billing Act Claim

In his Complaint, Plaintiff alleges that Defendant "adversely" reported on Plaintiff's credit after Plaintiff provided notice to Defendant regarding alleged disputed billing errors in violation of the FCBA. *See* Complaint ¶ 8; *see also* 15 U.S.C. § 1666a(a). In his opposition to the instant motion, Plaintiff provides additional details indicating that Defendant sent a billing statement to Plaintiff on or around September 18, 2017, that listed an unpaid principal balance of $499,000.38 on the mortgage loan. *See* Doc. No. 9 at 7-8; *see also* Doc. No. 9-1. Plaintiff disputed the amount of the billing statement by filing for Chapter 13 bankruptcy on September 28, 2017. Doc. No. 9 at 7-8. Plaintiff claims that Defendant's failure to respond to the alleged billing error within sixty days, in addition to adversely reporting on Plaintiff's credit, violates the FCBA. *See id.*

"Congress enacted the FCBA in order to regulate billing disputes involving 'open end consumer credit plans.'" *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 880 (9th Cir. 2011) (quoting 15 U.S.C. § 1666). "An open end credit plan is one where the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1182 (E.D. Cal. 2005); *see* 15 U.S.C. § 1602(j). "If a credit-card holder sends a written notice disputing a charge within sixty days of receiving a bill, the FCBA requires a credit-card issuer to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days." *Lyon*, 656 F.3d at

880. "After receiving notice from an obligor as provided in section 1666(a) or this title, a creditor or his agent may not directly or indirectly threaten to report to any person adversely on the obligor's credit rating or credit standing because of the obligor's failure to pay the amount indicated by the obligor[.]" 15 U.S.C. § 1666a(a).

   Here, the Court finds that Plaintiff fails to state a claim under the FCBA. First, Plaintiff fails to allege that his loan constituted an open-end credit transaction. Plaintiff's Complaint quotes various provisions of the FCBA without providing any factual allegations. *See* Complaint ¶¶ 12-14. As noted above, the FCBA applies only to open-end consumer credit plans, like credit card accounts. *See* 15 U.S.C. § 1666; *see also Gray v. Am. Express Co.*, 743 F.2d 10, 13 (D.C. Cir. 1984) ("The Fair Credit Billing Act seeks to prescribe an orderly procedure for identifying and resolving disputes between a *cardholder* and a *card issuer* as to the amount due at any given time.") (emphasis added). In fact, numerous courts have found that mortgage transactions are closed-end credit transactions, and thus not governed by the FCBA. *See, e.g.*, *Frank v. Wells Fargo Bank. Nat. Ass'n*, No. 11-CV-8035-PCT-NVW, 2011 WL 1480041, at *5 (D. Ariz. Apr. 19, 2011) ("Plaintiff's allegation that Defendants violated the FCBA by reporting derogatory credit ratings to national credit reporting agencies and failing to respond to Plaintiff's written complaint fails because the FCBA's prohibitions on reporting a defaulting debtor apply only in cases of open-end credit accounts, not mortgage transactions"); *Allen v. Homeq Servicing Inc.*, No. 8-CV-1698-MMA, 2008 WL 2609801, at *1 (N.D. Cal. June 30, 2008) (noting that Section 1666(a) applies only to open end consumer credit plans and "the mortgage at issue is not an open end consumer credit plan."); *Wilkinson v. Wells Fargo Bank MN*, No. 6-CV-1288, 2007 WL 1414888, at *3 n.4 (E.D. Wis. May 9, 2007) ("To the extent that Wilkinson alleges a mortgage loan in the complaint, that loan creates a closed-end credit relationship"); *Roybal*, 405 F. Supp. 2d at 1180 ("Because the definition of 'creditor' as used in section 1666 only applies to creditors offering open end credit plans and Plaintiffs have not alleged that the transaction underlying this claim is based on an open end credit plan, this claim must be dismissed with leave to amend.").

Based upon Plaintiff's failure to allege the existence of an open-end credit relationship that is governed by the FCBA, Plaintiff's FCBA is subject to dismissal.

Second, even if Plaintiff could sufficiently allege the existence of an open-end credit relationship subject to the FCBA's requirements, Plaintiff fails to show that filing a Chapter 13 bankruptcy petition is sufficient "notice" of a billing error required by Section 1666(a). *See* 15 U.S.C. § 1666(a)(1)-(3) (noting that the notice the obligor sends to the creditor must set forth the obligor's name and account number, indicate the obligor's belief that the statement contains a billing error and the amount of such billing error, and explain the reasons for the obligor's belief that the statement contains a billing error). Plaintiff provides no explanation or argument relating to the sufficiency of the notice provided to Defendant. As such, Plaintiff fails to state a claim under the FCBA. *See Frank*, 2011 WL 1480041, at *5 ("[I]n any event, Plaintiff has not shown that her notice of written complaint complies with the requirements of 15 U.S.C. § 1666(a).").

Accordingly, because Plaintiff fails to allege the existence of an open-end credit relationship, and fails to show that the notice provided to Defendant complies with the requirements of the statute, the Court **DISMISSES** Plaintiff's FCBA claim with leave to amend.

### 2. State Law Claims

Plaintiff's remaining claims arise under state law. In his Complaint, Plaintiff alleges that this Court has federal question jurisdiction and diversity jurisdiction. *See* Complaint ¶ 2. With respect to diversity jurisdiction, however, Plaintiff fails to allege any facts that the parties in this action are diverse, and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. 1332(a)(1) (noting that federal courts have diversity jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states). Aside from indicating that Plaintiff is a resident of the County of San Diego, Plaintiff summarily states "Defendant Wells Fargo Bank, National Association ("Wells Fargo") is a national banking association established under the laws of the United States

of America." Complaint ¶ 5. Plaintiff further notes that Wells Fargo Home Mortgage, Inc. as a "California corporation," and a "division of Wells Fargo Bank, N.A." *Id.* As such, Plaintiff fails to establish that the Court has diversity jurisdiction.

The Court's only remaining basis for jurisdiction over Plaintiff's state law claims, as currently pleaded, is supplemental jurisdiction. Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction over a state law claim if" the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Unless "considerations of judicial economy, convenience[,] and fairness to litigants" favor the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). At this time, the Court **DEFERS** ruling on the sufficiency of Plaintiff's state law claims until Plaintiff can sufficiently allege a claim arising under federal law, or demonstrate that the Court has diversity jurisdiction.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Defendant's motion to dismiss, and **DISMISSES** Plaintiff's FCBA claim with leave to amend. Plaintiff must file an amended complaint that cures the deficiencies identified herein on or before **June 8, 2018**. The Court **DEFERS** ruling on the sufficiency of Plaintiff's state law claims until Plaintiff can state a claim arising under federal law, or demonstrate that the Court has diversity jurisdiction.

**IT IS SO ORDERED.**

Dated: May 17, 2018

HON. MICHAEL M. ANELLO
United States District Judge