1
2
3
4
5
6
7

8      **UNITED STATES DISTRICT COURT**

9      **SOUTHERN DISTRICT OF CALIFORNIA**

10

11     LAITH KH ASPER,                          Case No.:  18cv0049-MMA (JLB)

12                              Plaintiff,
                                              **ORDER GRANTING DEFENDANT**
13     v.                                     **WELLS FARGO BANK'S**
                                              **UNOPPOSED MOTION TO DISMISS**
14     WELLS FARGO BANK, a National
       Association,
15
                             Defendant.       [Doc. No. 24]
16

17

18         Plaintiff Laith KH Asper ("Plaintiff") filed this action against Defendant Wells

19     Fargo Bank, N.A. ("Defendant") on January 5, 2018, alleging four causes of action in

20     connection with real property located at 1247 Jamacha Road, El Cajon, California,

21     92019, for: (1) fraud; (2) violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §

22     1666, *et seq.*; (3) violations of the California Homeowner Bill of Rights ("HBOR"); and

23     (4) violations of California's Unfair Competition Law ("UCL"), Business & Professions

24     Code § 17200, *et seq.*  *See* Doc. No. 1 ("Complaint").  Defendant moved to dismiss

25     Plaintiff's Complaint, which the Court granted in part.  *See* Doc. Nos. 6, 16.  Specifically,

26     the Court dismissed Plaintiff's second cause of action without prejudice and deferred

27     ruling on Plaintiff's remaining state law claims pending a sufficiently alleged claim

28     arising under federal law or a demonstration of diversity jurisdiction.  Doc. No. 16 at 10.

1

Plaintiff filed a First Amended Complaint ("FAC") on June 29, 2018, asserting four causes of action for: (1) fraud; (2) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO");[1] (3) violations of the California HBOR; and (4) violations of California's UCL.  *See* Doc. No. 22 ("FAC").  Defendant filed a motion to dismiss Plaintiff's FAC on July 5, 2018.  Doc. No. 24.  The Court set the motion for hearing on August 13, 2018, meaning that Plaintiff was required to file a response in opposition to the motion on or before July 30, 2018.  *See* Civ. L.R. 7.1.e.2 (stating that "each party opposing a motion . . . must file that opposition or statement of non-opposition . . . not later than fourteen (14) *calendar* days prior to the noticed hearing").  To date, Plaintiff has not filed an opposition to Defendant's motion to dismiss.  *See* Docket.

The Ninth Circuit has held that a district court may grant an unopposed motion to dismiss where a local rule permits, but does not require, it to do so.  *See generally*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Here, Civil Local Rule 7.1.f.3.c provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  As such, the Court has the option of granting Defendant's motion to dismiss on the basis of Plaintiff's failure to oppose, and it chooses to do so.[2]

---

[1]  The RICO claim was not raised in the original Complaint, was not argued before the Court, and therefore, was not addressed in the Court's previous order granting in part Defendant's motion to dismiss.  As such, the RICO claim does not conform to the amendment allowed by the Court.  *See Inland Cities Express, Inc. v. Diamond Nat'l Corp.*, 524 F.2d 753, 755 (9th Cir. 1975) (disallowing an amendment because it went beyond the scope of leave to amend).  This serves as an additional basis for dismissal of this claim.

[2]  Plaintiff's failure to comply with the provisions of Civil Local Rule 7.1.e.2 also constitutes a failure to comply with the provisions of this Court's Local Rules, which serves as an additional basis for dismissal under Civil Local Rule 41.1.b.

Generally, public policy favors disposition of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12 motion. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, the Court finds dismissal of Plaintiff's claims pursuant to Civil Local Rule 7.1.f.3.c serves to facilitate the management of its docket.

Accordingly, the Court **GRANTS** Defendant's unopposed motion and **DISMISSES** Plaintiff's FAC without prejudice.[3] The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

Dated: August 14, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] As such, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice. *See* Doc. No. 25.

18cv0049-MMA (JLB)